## IN THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DUNLAYS MANAGEMENT SERVICES, LLC d/b/a 4 STAR RESTAURANT GROUP, a limited liability company; DUNLAYS ROSCOE LLC, a limited liability company; O'DADDY, LLC, a limited liability company; DUNTELL LLC, a limited liability company; SOUTHPORT LLC d/b/a CROSBY's KITCHEN and d/b/a ELLA ELI; 4 STAR 3455 LLC, a limited liability company; DOC WEST LLC, a limited liability company; 4 STAR 20 NORTH LLC d/b/a REMINGTON'S CHICAGO, a limited liability company; 4 STAR 160 LLC d/b/a THE WINDSOR, a limited liability company; 4 STAR 3358 SOUTHPORT LLC d/b/a TUCO & BLONDIE, a limited liability company; O'DADDY WRIGLEY, LLC a limited liability company; SMOKE DADDY FOODS, LLC, a limited liability company; <br><br> Plaintiffs, <br><br> vs. <br><br> SOCIETY INSURANCE, a mutual company, <br><br> Defendant. | **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CASE NO. |

## COMPLAINT AT LAW

Now Comes Plaintiffs, DUNLAYS MANAGEMENT SERVICES, LLC d/b/a 4 STAR RESTAURANT GROUP, a limited liability company; DUNLAYS ROSCOE LLC, a limited liability company; O'DADDY LLC, a limited liability company; DUNTELL LLC, a limited liability company; SOUTHPORT GRILL LLC d/b/a CROSBY'S KITCHEN and d/b/a ELLA ELI; 4 STAR 3455 SOUTHPORT LLC, a limited liability company, DOC WEST LLC, a limited

1

liability company; 4 STAR 20 NORTH LLC d/b/a REMINGTON'S CHICAGO, a limited liability company; 4 STAR 160 LLC d/b/a THE WINDSOR CHICAGO, a limited liability company; 4 STAR 3358 SOUTHPORT LLC d/b/a TUCO & BLONDIE, a limited liability company; O'DADDY WRIGLEY LLC, a limited liability company; SMOKE DADDY FOODS LLC, a limited liability company (hereinafter "Plaintiffs"), by and through their attorneys, for their causes of action against Defendant SOCIETY INSURANCE (hereinafter "Defendant" or "Society"), a mutual company; and state and allege as follows:

## PARTIES

1.     Plaintiff DUNLAYS MANAGEMENT SERVICES, LLC d/b/a 4 STAR RESTAURANT GROUP is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. Dunlay's Management Services LLC d/b/a 4 Star Restaurant Group's member are Douglas Dunlay and Michael Dunlay – both of whom are Illinois citizens.

2.     Plaintiff DUNLAYS ROSCOE LLC is an Illinois Limited Liability Company with its principal place of business at 3358 North Paulina Street, Chicago, Illinois 60622. Dunlay's Roscoe LLC's members are Douglas Dunlay and Michael Dunlay – both of whom are Illinois citizens. Dunlay's Roscoe LLC own, operate, manage, and/or control the business known as Frasca Pizzeria & Wine Bar at the premises it owns, rents or occupies at 3358 North Paulina Street, Chicago, Illinois 60622.

3.     Plaintiff O'DADDY LLC is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. O'Daddy LLC's members are Douglas Dunlay, Michael Dunlay and Derek Retell – all of whom are Illinois citizens. O'Daddy LLC owns, operates, manages, and/or controls the business known as Smoke Daddy at the premises it owns, rents or occupies located at 1804-1806 West Division Street, Chicago, Illinois 60622.

4. Plaintiff DUNTELL LLC is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. Duntell LLC's members are Douglas Dunlay, Michael Dunlay and Derek Retell – all of whom are Illinois citizens. Duntell LLC owns, operates, manages, and/or controls the business at the premises it owns, rents or occupies at 1824-1830 West Division Street, Chicago, Illinois 60622.

5. Plaintiff SOUTHPORT GRILL LLC d//b/a CROSBY'S KITCHEN and d/b/a ELLA ELI is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. Southport Grill LLC's members are Douglas Dunlay, Michael Dunlay, Derek Retell and Josh Rutherford – all of whom are Illinois citizens. Southport Grill LLC operates the business Crosby's Kitchen and Ella Elli at the premises it owns, rents or occupies at 3455-3457 North Southport Avenue, Chicago, Illinois 60657. Plaintiff 4 STAR 3455 SOUTHPORT LLC, an Illinois Limited Liability Company, whose members are Douglas Dunlay and Michael Dunlay – both of whom are Illinois citizens – is the landlord for these restaurants.

6. Plaintiff DOC WEST LLC is an Illinois Limited Liability Company with its principal place of business at 326 Yorktown Shopping Center, Lombard, Illinois 60148. DOC West LLC's member is Dunlay's Management Services LLC, which as detailed in Paragraph 1 above, only has members that are Illinois citizens. DOC West LLC owns, operates, manages, and/or controls the business D.O.C. Wine Bar at the premises it owns, rents or occupies at 326 Yorktown Shopping Center, Lombard, Illinois 60148.

7. Plaintiff 4 STAR 20 NORTH LLC d/b/a REMINGTON'S CHICAGO, is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. 4 Star North LLC d/b/a Remington Chicago's members are Douglas Dunlay and Michael Dunlay – both of whom are Illinois citizens. 4 Star 20 North LLC d/b/a Remington's Chicago owns, operates, manages, and/or controls the business Remington's at the premises it owns, rents or occupies at 20 North Michigan Avenue, Chicago, Illinois 60602.

8. Plaintiff 4 STAR 160 LLC d/b/a THE WINDSOR CHICAGO is an Illinois Limited liability company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. 4 Star 160 LLC d/b/a The Windsor Chicago's members are Douglas Dunlay and Michael Dunlay – both of whom are Illinois citizens. 4 Star LLC d/b/a The Windsor Chicago owns, operates, manages, and/or controls the business The Windsor at the premises it owns, rents or occupies at 160 East Huron Street, Chicago, Illinois 60611.

9. Plaintiff 4 STAR 3358 SOUTHPORT LLC d/b/a TUCO & BLONDIE is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. 4 Star 3358 Southport LLC d/b/a Tuco & Blondie's members are Douglas Dunlay and Michael Dunlay – both of whom are Illinois citizens. 4 Star 3358 Southport LLC d/b/a Tuco & Blondie owns, operates, manages, and/or controls the business Tuco & Blondie at the premises it owns, rents or occupies at 3356-3358 North Southport Avenue, Chicago, Illinois 60657.

10. Plaintiff O'DADDY WRIGLEY LLC is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. O'Daddy Wrigley LLC's members are Douglas Dunlay, Michael Dunlay, Derek Retell and Josh Rutherford – all of whom are Illinois citizens. O'Daddy Wrigley LLC owns, operates, manages, and/or controls the business Smoke Daddy Wrigley at the premises it owns, rents or occupies at 3636 North Clark Street, Chicago, Illinois 60613.

11. Plaintiff SMOKE DADDY LLC is an Illinois Limited Liability Company with its principal place of business at 1804 West Division Street, Chicago, Illinois 60622. Smoke Daddy LLC's members are Douglas Dunlay, Michael Dunlay and Derek Retell – all of whom are Illinois citizens. Smoke Daddy LLC is responsible for the retail portion for the Smoke Daddy restaurants.

12. Defendant SOCIETY INSURANCE, is a mutual insurance company organized under the laws of the State of Wisconsin with its principal place of business in Fon du Lac, Wisconsin. At all times relevant Defendant was licensed to do business in the State of Illinois, selling property and casualty insurance policies to bars, restaurants, and other hospitality

4

businesses. Defendant is transacting the business of insurance in the state of Illinois and the basis of this suit arises out of such conduct.

13. Defendant subscribed to Policy Number BP19043389-0 ("The Policy") and issued The Policy for Plaintiffs' properties and businesses for the period of January 1, 2020 through January 1, 2021. A true and correct copy of The Policy is attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as there exists complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. This Court has personal jurisdiction over Society Insurance pursuant to Illinois' long-arm statute, 735 ILCS 5/2-209, because this Complaint concerns: (1) one or more contracts Society made to insure property and/or risk in Illinois, (2) business that Society transacted within Illinois, and (3) one or more contracts and/or promises Society made that are substantially connected with Illinois. 735 ILCS 5/2-209(a)(1), (4), (7). In addition, Society Insurance exercises systematic and continuous contacts with Illinois by doing business in Illinois, serving insureds in Illinois, and seeking additional business in Illinois.

16. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in this District and a substantial part of the property that is subject to this action is situated in this District.

## FACTUAL BACKGROUND

17. On or around January 1, 2020, Defendant entered into The Policy, a contract of insurance with Plaintiffs in the event of a covered loss or damage.

18. Under The Policy, Plaintiffs agreed to make payments to Defendant in exchange for Defendant's promise to indemnify the Plaintiffs for losses including, but not limited to, business income losses at the insured properties including the premises located at 3358 North Paulina Street, Chicago, Illinois 60657; 1804-1806 West Division Street, Chicago, Illinois 60622;

5

1824-1830 West Division Street, Chicago, Illinois 60622; 3455-3457 North Southport Avenue, Chicago, Illinois 60657; 326 Yorktown Shopping Center, Lombard, Illinois 60148; 20 North Michigan Avenue, Chicago, Illinois 60602; 160 East Huron Street, Chicago, Illinois 60611; 3356-3358 North Southport Avenue, Chicago Illinois, 60657; and 3636 North Clark Street, Chicago, Illinois 60613, (collectively "Insured Properties").

19. The Insured Properties include the well-known taverns and/or restaurants Frasca Pizzeria & Wine Bar, Smoke Daddy, Crosby's Kitchen, Ella Elli, D.O.C. Wine Bar, Remington's Chicago, The Windsor, Tuco and Blondie, and Smoke Daddy Wrigley which are located in the Cities of Chicago and Lombard, Counties of Cook and DuPage. The restaurants are owned, leased by, managed, and/or controlled by the Plaintiffs. The address for these businesses are listed as a covered premise under the Policy as included in Exhibit 1 and also shown below in Image 1.

**DESCRIBED PREMISES**

| Prem. No. | Bldg. No. | Premises Address: | Description |
|---|---|---|---|
| 1 | 1 | 3358 N Paulina St, Chicago, IL 60657 | Tavern/Restaurant |
| 2 | 1 | 1804-06 W Division St, Chicago, IL 60622 | Tavern/Restaurant/Office |
| 3 | 1 | 1824-1830 W Division St, Chicago, IL 60622 | Restaurant (LR) |
| 4 | 1 | 3455-3457 N Southport Ave, Chicago, IL 60657 | Tavern/Restaurant |
| 5 | 1 | 326 Yorktown Shopping Ctr, Lombard, IL 60148 | Tavern/Restaurant |
| 6 | 1 | 20 N Michigan Ave, Chicago, IL 60602 | Tavern/Restaurant |
| 7 | 1 | 160 E Huron St, Chicago, IL 60611 | Tavern/Restaurant |
| 8 | 1 | 3356-3358 N Southport Ave, Chicago, IL 60657 | Tavern/Restaurant |
| 9 | 1 | 3636 N Clark St, Chicago, IL 60613 | Tavern/Restaurant |

*Image 1*

20. The Policy is currently in full effect, providing property, business personal property, business income and extra expense, and additional coverages between the period of January 1, 2020 and January 1, 2021.

21. The Businessowners Special Property Coverage Form of The Policy provides, in part, the following as shown in Exhibit 1 and Image 2 below:

> **g. Business Income**
> **(1)** Business Income
> **(a)** We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to covered property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

*Image 2*

22. The Businessowners Special Property Coverage Form of The Policy also provides, in part, the following as to Extra Expense as shown in Exhibit 1 and Image 3 below:

> **h. Extra Expense**
> **(1)** We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to covered property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

*Image 3*

23. The Policy applies to the actual loss of business income sustained and necessary extra expenses incurred when the operations of the businesses are suspended due to the direct physical loss of or damage to the Insured Premises that is not excluded.

24. The Policy also includes Civil Authority additional coverage as shown in Exhibit 1 and in part in Image 4 on the following page:

7

> **k. Civil Authority**
>
> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
>
> (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within the area; and
>
> (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property

*Image 4*

25. Plaintiffs faithfully paid policy premiums to Defendant to specifically provide all risk coverage, including the actual loss of business income due to the necessary interruption of business operations due to direct physical loss of or direct physical damage to property as well as a civil authority prohibition.

26. Pursuant to the terms of the Policy, Defendant agreed to pay for direct physical loss of or physical damage to the Insured Properties caused by or resulting from any covered cause of loss.

27. On March 11, 2020, the World Health Organization officially recognized the COVID-19 pandemic. It is the public policy intent and intent of each county to close businesses including Plaintiffs for the public good, welfare, and benefit.

28. In order to the protect the public, on March 16, 2020, JB Pritkzer, the Governor for the State of Illinois issued Executive Order 2020-07, attached hereto as **Exhibit 2**. This Order specifically suspended service for and may not permit on-premises consumption for all businesses offering food or beverages.

29. In order to further protect the public, on March 20, 2020, JB Pritzker, the Governor for the State of Illinois issued Executive Order 2020-10 attached hereto as **Exhibit 3**. This Order specifically ordered that all non-essential businesses and operations must cease all activities. Dine-in restaurants were not defined as essential businesses.

30. In an effort to further protect the public, on April 1, 2020, Governor Pritzker issued Executive Order 2020-18 attached hereto as **Exhibit 4**, extending the March 20, 2020 Stay at Home order through April 30, 2020.

31. It is the public policy intent and intent of each county and state to close businesses including Plaintiffs' for the public good, welfare, and benefit. The Executive Orders were reasonably necessary to protect the public good, welfare, and benefit.

32. Plaintiffs have sustained an actual loss of business income due to the necessary suspension of Plaintiffs' businesses. The suspension of Plaintiffs' businesses was caused by the aforementioned Executive Orders that prohibited access to the Insured Properties. The necessary suspension of Plaintiffs' business operations caused by the Executive Orders constitute a Covered Cause of Loss as defined in The Policy.

33. Plaintiffs duly submitted a claim, Number P4065843, to Society Insurance under The Policy for its loss.

34. On March 25, 2015, Society Insurance denied Plaintiffs' claim as not being covered by The Policy. The denial of the claim is attached hereto as **Exhibit 5**.

35. Although requested to do so, to date, Society Insurance has and continues to fail and refuse to pay Plaintiffs for the full amount due and owing under the Policy for all of their losses and damages.

## COUNT I
## BREACH OF CONTRACT

36. Plaintiffs reassert and re-allege paragraphs 1-35 as paragraph 36 of Count I as though fully set forth herein.

37. Pursuant to The Policy, Society Insurance has a contractual obligation to fully investigate and adjust the loss, and pay the full amount of Plaintiffs' covered losses, including the actual loss sustained for the necessary interruption of Plaintiffs' businesses, including, but not limited to, loss of business income and extra expense, less the applicable deductible.

38. The Policy is an insurance contract under which Society Insurance was paid premiums in exchange for its promise to pay Plaintiffs' losses for claims covered by The Policy, such as business losses incurred as a result of the Executive Orders forcing Plaintiffs to suspend their businesses.

39. Plaintiffs have performed all conditions precedent to their right to recovery under The Policy.

40. Society Insurance has refused and continues to refuse to pay for all of the benefits under the Policy including, but not limited to, loss of business income and extra expenses, forcing Plaintiffs to litigate.

41. Society Insurance's refusal to pay the full amount of Plaintiffs' loss is in breach of The Policy.

42. Society Insurance further breached its contract with Plaintiffs by:

    a. failing to fully investigate the loss;

    b. conducting a biased and outcome-oriented investigation of the loss;

    c. not promptly paying Plaintiffs all benefits owed as a result of the covered loss;

    d. failing to pay for all consequential damage; and

    e. not putting Plaintiffs in the position they would have been in had Society Insurance timely performed all of their contractual duties.

43. As a direct and proximate result of Society Insurance's breach of contract, Plaintiffs:

    a. suffered and will continue to suffer loss of business income and extra expenses;

    b. incurred and will incur in the future loss of business income and extra expenses;

    c. suffered and will continue to suffer consequential damages;

    d. is entitled to an award of prejudgment interest, taxable costs, and investigatory fees; and

    e. incurred other expenses as a result of Society Insurance's breach of contract.

## **PRAYER FOR RELIEF**

Plaintiffs, DUNLAYS MANAGEMENT SERVICES, LLC d/b/a 4 STAR RESTAURANT GROUP, a limited liability company; DUNLAYS ROSCOE LLC, a limited liability company; O'DADDY LLC, a limited liability company; DUNTELL LLC, a limited liability company; SOUTHPORT GRILL LLC d/b/a CROSBY'S KITCHEN and d/b/a ELLA ELI; 4 STAR 3455 SOUTHPORT LLC, a limited liability company, DOC WEST LLC, a limited liability company; 4 STAR 20 NORTH LLC d/b/a REMINGTON'S CHICAGO, a limited liability company; 4 STAR 160 LLC d/b/a THE WINDSOR CHICAGO, a limited liability company; 4 STAR 3358 SOUTHPORT LLC d/b/a TUCO & BLONDIE, a limited liability company; O'DADDY WRIGLEY LLC, a limited liability company; SMOKE DADDY FOODS LLC, a limited liability company, by and through their attorneys, prays that this Court enter judgment in its favor and against Defendant, SOCIETY INSURANCE and enter an order:

    a. Awarding actual damages;

    b. Awarding attorney's fees and costs incurred and to be incurred by Plaintiffs for prosecuting this action against Defendant;

    c. Awarding prejudgment and post-judgment interest to Plaintiffs; and

    d.    Providing any other such relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demands a jury trial.

DATED: April 24, 2020        Respectfully submitted,

By: /s/ **_Steven A. Hart_**
Attorneys for Plaintiffs

**HART MCLAUGHLIN & ELDRIDGE, LLC**
Steven A. Hart (#6211008)
Robert J. McLaughlin (#6272701)
John (Jack) B. Prior (#6306767)
22 W. Washington Street, Suite 1600
Chicago, Illinois 60602
Tel:    (312) 955-0545
shart@hmelegal.com
rmclaughlin@hmelegal.com
jprior@hmelegal.com

**KABATECK LLP**
Michael Childress
Brian S. Kabateck (*Pro Hac Vice to be Submitted*)
Christopher Noyes (*Pro Hac Vice to be Submitted*)
Marina R. Pacheco *(Pro Hac Vice to be Submitted)*
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Tel:    (213) 217-5048
mc@kbklawyers.com
bsk@kbklawyers.com
cn@kbklawyers.com
mp@kbklawyers.com